IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIDAH & GIBRILL MUSTAPHA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-0428 |
| | § | |
| HSBC BANK USA, NA; WELLS | § | |
| FARGO BANK, N.A., & BARRETT | § | |
| DAFFIN FRAPPIER TURNER & | § | |
| ENGEL, L.L.P. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6),[1] Brief in Support of Defendants' Request to Dismiss Plaintiffs' Suit with Prejudice,[2] and Plaintiffs' Motion Not to Dismiss Petition and to Request Time to File Amended Petition.[3] After considering the pleading and motions filed in this case, and after hearing, the Court finds that the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) should be **granted**, Plaintiffs' Motion to Request Time to File Amended Petition should be **denied** and this case should be **dismissed with prejudice**.

### BACKGROUND

Plaintiffs Aidah and Gibrill Mustapha ("the Mustaphas"), a married couple, filed their Original Petition on January 12, 2011 in the 281st Judicial District Court of Harris

---

[1] Dkt. # 37.
[2] Dkt. # 43.
[3] Dkt. # 44.

Country, Texas.[4]  Shortly thereafter, the lawsuit was removed to this Court.[5]  In their petition, the Mustaphas assert claims against  Defendants HSBC Bank USA, N.A. and Wells Fargo Bank, N.A. ("Defendants") for fraud and violations of the Texas Fair Debt Collection Act and the Deceptive Trade Practices Act, based upon the allegedly wrongful foreclosure upon their home by the Defendants.[6]

The Mustaphas' petition asserts that, in late 2007, they fell behind in their mortgage payments, "largely due to the high interest rate of the mortgage."[7]  The Mustaphas allege that Defendant Wells Fargo Bank offered to modify their loan; however, when the modification papers were delivered, the monthly mortgage payments were higher than before the modification.[8]  The Mustaphas then sought bankruptcy protection.[9]  The petition asserts that in 2008, while they were under bankruptcy court protection, Defendants foreclosed on their property without providing the required foreclosure notices.[10]  According to the petition, that "foreclosure was subsequently rescinded and the property returned to the bankruptcy process."[11]  The petition next alleges that they requested for a loan modification from Defendants under the "HAMP guidelines,"[12] but that the day after Defendants received all the requested financial

---

[4] Dkt. # 1-3.

[5] Dkt. # 1.

[6] Dkt. # 1-3, 7-9.

[7] *Id.* at 7.

[8] *Id.*

[9] *Id.*

[10] *Id.* In response, Defendant Wells Fargo Bank argues that the Bankruptcy Court entered an Agreed Order granting Wells Fargo Bank relief from the automatic stay, so that it could pursue foreclosure against the property. Dkt. # 4, 2; Dkt. # 1-3, 12-13.

[11] Dkt. # 1-3, 7.

[12] *Id.* Neither party identifies what the "HAMP guidelines" are, but they appear to be the Home Affordable Modification Program administered by Fannie Mae. The Program is "designed to help

documents for the loan modification, Defendants nonetheless conducted a non-judicial foreclosure of the property.[13]

In response, Defendants contend that the March 2, 2010 foreclosure sale of the Mustaphas' property was valid.[14]   Defendants point to the findings and orders of the United States Bankruptcy Court for the Southern District of Texas Houston Division – which held that the March 2010 foreclosure was valid.[15]   The Bankruptcy Court found that the automatic stay was not in effect at the time of the foreclosure, and that the Mustaphas did, in fact, execute the Note and Deed of Trust for the subject property.[16]   After the Bankruptcy Court held the sale valid, the Harris County Justice of the Peace awarded possession of the property to Defendants.[17]   In December 2010, the Harris County court upheld Defendant's judgment for possession of the property.[18]

Defendants contend that the Mustaphas have filed this instant lawsuit to thwart this valid foreclosure.[19]   In addition to this lawsuit, the Mustaphas have filed numerous motions with the Bankruptcy Court: a motion to vacate the court's order granting Defendants relief from automatic stay,[20] a motion not to dismiss,[21] and four motions to

---

financially struggling homeowners avoid foreclosure by modifying loans to a level that is affordable for borrowers now and sustainable over the long term. The program provides clear and consistent loan modification guidelines that the entire mortgage industry can use." *See* https://www.hmpadmin.com/portal/programs/hamp.jsp.

[13] *Id.*

[14] Dkt. # 36, 2.

[15] *Id.* at 3; Dkt. # 43, 4; Dkt. # 4, 3-4.

[16] *Id.*

[17] Dkt. # 36, 4.

[18] *Id.*

[19] Dkt. # 43, 5.

[20] *Id.* at 4 (struck because the Mustaphas failed to sign the motion as required by Rule 9011).

[21] *Id.* (dismissed the case because the Mustaphas failed to appear at the hearing).

re-open their Chapter 13 case.[22]   The Mustaphas have also filed an adversary proceeding against Defendants.[23]   According to Defendants, that was all done while the Mustaphas "have done nothing to prosecute their case against Defendants pending before this Court."[24]   The Mustaphas still remain on the property as tenants at sufferance and Defendants have not been able to take possession of the property.[25]

The Mustaphas are currently pro se in this lawsuit.   Mr. Lui O. Akwuruoha represented the Mustaphas at the time this lawsuit was initially filed. He has "since relieved himself from representing [the Mustaphas] in this matter" by filing a motion to withdrawal that was granted.[26]   Subsequently, the Mustaphas filed an Application for Temporary Injunction seeking to enjoin Defendants from evicting them from the property.[27]

On August 11, 2011, Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6).[28]   The Mustaphas did not file a response to the Motion to Dismiss. A hearing was held on October 20, 2011; the Mustaphas failed to appear in person but were in attendance via telephone.   After the hearing, the Mustaphas filed a "Motion Not to Dismiss Petition and to Request Time to File Amended Petition."[29]

---

[22] *Id.* at 4-5 (the first two were denied because the Mustaphas failed to attach a proposed order, the third and fourth were also denied).

[23] *Id.* at 5. (dismissed because the underlying Chapter 13 case had been dismiss; their motion to re-open the adversary proceeding was also denied).

[24] *Id.* at 6.

[25] Dkt. # 36, 4.

[26] *Id.*

[27] Dkt. # 2.

[28] Dkt. # 37.

[29] Dkt. # 44.

## ANALYSIS

### I.    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

#### A. Standard of Review

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  550 U.S. 544, 554-55 (2007); FED. R. CIV. P. 8(a)(2).  Under *Twombly*, to withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

A "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Dark v. Potter*, 293 Fed. App'x. 254, 258 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 n.3).  These factual allegations must be the sort that, "when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at

555). On the other hand, however, although the material factual allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Twombly*, 550 U.S. at 555.

In *Ashcroft v. Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. 129 S.Ct. 1937, 1951 (2009). First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Id.* Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 Fed. App'x. 466, 469 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

### B. Texas Fair Debt Collection Act Claims

First, the Mustaphas allege that the Defendants violated the Texas Fair Debt Collection Act ("TDCA").[30] Defendants contend this claim should be dismissed because the Mustaphas make only conclusory statements that Defendants are "debt collectors"[31] and "simply parrot the statutory language of the TDCA without offering a single factual

---

[30] Dkt. # 1-3, 7-8.
[31] Dkt. # 37, 3.

6

allegation to support their naked assertions" of the alleged wrongdoing.[32]   The Court

agrees.

The Mustaphas' Original Petition states that Defendants "are acting as debt

collector[s] under the TDCA."[33]   However, there are no facts to support the Mustaphas'

conclusory statement—for instance, there are no allegations that the Defendants referred

to themselves as debt collectors or that the Defendants acted in a way that would imply

that they were debt collectors within the meaning of the TDCA.   Instead, the Mustaphas

assert that Defendants "are . . . loan servicing compan[ies]"[34] and that "neither

[Defendant] was the Note Holder for Plaintiffs' mortgage loan . . . , [b]oth of these

Defendants were/are merely loan servicing and/or debt collecting agents," and that

"Defendants falsely engaged in 'Trust' activity when they were not so licensed in the

state of Texas."[35]

"[M]erely stating Defendant[s] violated the TDCA, without more factual

allegations, is a legal conclusion couched as a factual assertion, which does not survive a

motion to dismiss." *Franklin v. BAC Home Loans Servicing, L.P.*, CA No. 3:10-CV-

1174-M, 2011 WL 248445 (N. D. Tex. Jan. 26, 2011).   *Compare, e.g., Boles v. Moss*

*Codilis, LLP*, CA No. SA-10-CV-1003-XR, 2011 U.S. Dist. LEXIS 71031, at *13 (W.D.

Tex. July 1, 2011) (motion to dismiss denied where plaintiff alleged defendant violated

TDCA and was a "debt collector" because it had identified itself as a debt collector on

---

[32] *Id.*
[33] Dkt. # 1-3, 5-6, 7.
[34] *Id.* at 7.
[35] *Id.* at 7-8.

letters, monthly mortgage statements, and annual escrow account disclosure statements sent to plaintiff, and that it trained its employees on the Federal Debt Collection Practices Act) *with Marquez v. Fannie Mae*, CA No. 3:10-CV-02040-L, 2011 U.S. Dist. LEXIS 94948, at *16 (N.D. Tex. Aug. 23, 2011) (plaintiff alleged defendant violated TDCA but failed to provide "sufficient factual basis on which the court could reasonably infer that defendants are liable for the misconduct alleged").

Further, under the TCDA, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Signa v. BAC Home Loans Servicing, LP*, Case No. 4:10-CV-692, 2011 U.S. Dist. LEXIS 78727, at *23 (E.D. Tex. June 1, 2011). In this case, there are no allegations made by the Mustaphas that the Defendants were assigned the debt after the debt was already in default; therefore, the Mustaphas' pleadings themselves establish that the Defendants are not "debt collectors."

Even if the Defendants may be considered to be "debt collectors" under the Mustaphas' allegations, the actions they are alleged to have taken do not violate the TDCA. The only example of a violation of the TDCA that the Mustaphas specifically allege is under a violation of section 292.304(19), which prohibits using other false representations or deceptive means to collect a debt. The Mustaphas allege that Defendants violated this section by conducting a "non-judicial foreclosure of Plaintiff's home without the requisite authorizing statute allowing Defendants to engage in such

action without the judicial process."[36]   However, "TDCA does not prevent a debt collector from exercising ... a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Burnette v. Wells Fargo Bank*, Case No. 4:09-CV-370, U.S. Dist. LEXIS 15409, at *20-22 (E.D. Tex. Jan. 27, 2011) (finding that "plaintiff provide[d] no evidence that defendants did anything but exercise their right under the Deed of Trust to foreclose" and therefore no reasonable trier of fact could "find that defendants did anything that was false or deceptive in attempting to collect the debt").   Accordingly, Defendants' motion to dismiss this claim under Rule 12(b)(6) is granted.

### C. Deceptive Trade Practices Act Claims

The Mustaphas also allege that the Defendants violated the Texas Deceptive Trade Practices Act (the "DTPA").   Defendants contend that this claim should be dismissed; specifically that, the "Plaintiffs cannot recover under the DTPA because they are not 'consumers' as defined by the DTPA."[37]

"[A] party who seeks only money in a transaction is not a consumer under the DTPA." *Gomez v. Wells Fargo Bank* CA No. 3:10-CV-0381-B, 2010 U.S. Dist. LEXIS 74329, at *9 (N.D. Tex. July 21, 2010) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175-76 (Tex. 1980)).   "In order to hold a creditor liable under the DTPA, the creditor must be connected with either the actual sales transaction or with a deceptive act related to financing the transaction of goods or services." *Id.* at *11 (citing *Home Sav.*

---

[36] *Id.* at 8.
[37] Dkt. # 37, 5.

9

*Ass'n v. Guerra*, 733 S.W.2d 134, 136 (Tex. 1987)). The opinion in *Gomez* is instructive in this regard. In *Gomez*, the plaintiff sought only to renegotiate a loan for her current house to avoid repossession. *Id.* at *11-12. Accordingly, the court held that she did not satisfy the requirements for consumer status under DTPA, and dismissed her claim. *Id.* at *12; *see also Cavil v. Trendmaker Homes Inc.*, CA No. G-10-304, 2010 U.S. Dist. LEXIS 138484 (S.D. Tex. Dec. 29, 2010) *and Ayers v. Aurora Loan Services, LLC*, No. 6:10-cv-593, 2011 U.S. Dist. LEXIS 60506 (E.D. Tex. May 27, 2011).

In this case, the Mustaphas have made substantially the same allegation as the plaintiff in *Gomez*—that Defendants violated the DTPA "by misrepresenting the nature of their services as they relate to loan modification . . . ," and "by misrepresenting the services and quality of services, and imposing requirements not allowed by the loan modification programs. . . ."[38] Thus, as in *Gomez*, the Mustaphas' DTPA claim alleges that they only sought to renegotiate a loan for their current house and fails to satisfy the requirements for consumer status under DTPA.

Further, the Mustaphas allege that "by violating the TDCA; Defendants are in violation of the DTPA."[39] Even if the Mustaphas had stated a viable claim under the TDCA, "a plaintiff must . . . qualify as a consumer to maintain a DTPA claim in all cases," even under tie-in statutes. *Marquez v. Fannie Mae*, CA No. 3:10-CV-02040-L, 2011 U.S. Dist. LEXIS 94948, at *17 (N.D. Tex. Aug. 23, 2011) (plaintiff sought to recover under DTPA for defendant's violations of the TDCA, but court found the

---

[38] Dkt. # 1-3, 8.
[39] *Id.*

plaintiff not to be a consumer under DTPA and granted the defendants' motion to dismiss).  Defendants' motion to dismiss is granted as to this claim.

### D. Fraud on the Consumer

Finally, the Mustaphas assert a claim for "fraud on the consumer."[40]  Defendants' motion to dismiss argues the Mustaphas have offered zero factual support for this claim[41] and that the claim wholly fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[42]

Under Rule 9(b), when a fraud claim is made, a pleading must specify the statements alleged to be fraudulent, "identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Barrie v. Intervoice-Brite, Inc.,* 397 F.3d 249, 256 (5th Cir. 2005); FED. R. CIV. P. 9(b).  Here, the Mustaphas assert that "[b]y means of the foregoing Fraudulent acts and practices, Defendants 1, and 2 stole Plaintiff's real property Title. . . ."[43]  Considering all the allegations made thus far by the Mustaphas, they have failed to plead sufficient facts to meet the requirements of Rule 9(b).  For example, the Mustaphas do not state the fraudulent statements that Defendants allegedly made, nor do they provide information as to who made these allegedly fraudulent statements, other than globally naming "Defendant 1 and Defendant 2."  Similarly, the Mustaphas fail to describe when and where these statements were made, or explain why the statements were fraudulent.

---

[40] *Id.* at 9.
[41] Dkt. # 37, 7.
[42] *Id.* at 7.
[43] Dkt. # 1-3, 9.

Therefore, the Mustaphas have failed to meet the heightened requirements under Rule 9(b) for pleading a claim under fraud. *See also Marquez v. Fannie Mae*, CA No. 3:10-CV-02040-L, 2011 U.S. Dist. LEXIS 94948 (N.D. Tex. Aug. 23, 2011), *and Cavil v. Trendmaker Homes Inc.*, CA No. G-10-304, 2010 U.S. Dist. LEXIS 138484 (S.D. Tex. Dec. 29, 2010). Defendants' motion to dismiss this claim is therefore granted.

## II.    Motion to File Amended Petition

The Mustaphas filed a "Motion to Request Time to File Amended Petition" so that their pleadings could "be re-amended in accordance to satisfy the Defendants Motion, to dismiss the case without prejudice."[44] They based this motion upon their contention that they have been without representation since their attorney withdrew, and they have still not received some documents from their attorney that they had turned over to him.[45]

The Court acknowledges that the Mustaphas are proceeding pro se in this matter. A court "should freely give a complainant, especially a pro se complainant, leave to amend defective allegations in a pleading." *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995). Thus, the usually appropriate remedy when granting a considering a motion to dismiss based on non-conforming or deficient pleadings is to grant the complainant time within which to amend the complaint. *Id.* If the complainant fails to amend the complaint, a district court may then strike the pleading or dismiss the case. *Id.*

"Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."

---

[44] Dkt. # 44, 1.
[45] *Id.*

*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998); *accord Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764 (5th Cir. 2009) (citing *Bazrowx*, 136 F.3d at 1054). *See also Kastner v. Lawrence*, 390 Fed. App'x. 311, 316 (5th Cir. 2010) (finding that the plaintiff had already pled his best case and gave no indication of what material facts he would have included in an amended complaint, and holding the district court did not abuse its discretion in denying leave to amend before dismissing case).[46]   In addition, the Fifth Circuit has considered the following factors when deciding whether to allow an amendment: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 Fed. App'x. 344, 351 (5th Cir. 2011) (citing *Matter of Southmark Corp.*, 88 F.3d 311, 314-315 (5th Cir. 1996)).[47]

In considering these factors, the Court first notes that the current lawsuit has been on file for eleven months, since being filed on January 12, 2011.  Seven months after the lawsuit was filed, the Mustaphas' attorney withdrew as counsel, partly because he was "unable to convince plaintiffs on the possible theory of recovery in this case."[48]  Since the case has been on file in this court, the Mustaphas have failed to file the required Initial

---

[46] The *Kastner* opinion, pursuant to 5th Cir. R. 47.5, was not published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.
[47] The *Real Estate Innovations, Inc.* opinion, pursuant to 5th Cir. R. 47.5, was not published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.
[48] Dkt. # 29.

Disclosures.  The record is replete with specific pleading by the Defendants pointing out the legal deficiencies of the Mustaphas' claims against them, including the Defendants' Brief in Opposition to the Mustaphas' Application for a Temporary Injunction,[49] the Joint Discovery/Case Management Plan[50] and the  Motion to Dismiss Pursuant to Rule 12(b)(6).[51]  Despite this notice, the Mustaphas waited seventy-eight days after the Motion to Dismiss was filed to ask for permission to amend their pleadings.  This request was made a full eight days after the hearing on the Defendants' motion to dismiss, when the Court advised the parties that the motion would be ruled upon shortly.

Further, this late request was extremely cursory.  The request offered no additional material facts to indicate how the Mustaphas would amend their complaint to avoid the Rule 12(b)(6) dismissal.  Nor do the Mustaphas describe the important documents they allege are in the custody of their former counsel, any efforts to retrieve these documents from their former counsel, or how these documents would improve the facts they have already alleged.  Based upon the record before it, the Court finds that, much like the plaintiffs in *Kastner* and *Cinel*, the Mustaphas have pled their best case and that granting leave to amend would be futile.

Finally the Court will address the Mustapha's contention that "they have been subjected to a lack of representation" by the withdrawal of their attorney. At a hearing before this Court in early August 2011, the Mustaphas were notified that they needed to either represent themselves or hire another lawyer.  The Mustaphas were also notified

---

[49] Dkt. # 4.

[50] Dkt. # 22.

[51] Dkt. # 37, 38.

that, if they represented themselves pro se, they would be required to adhere to the same standards as a practicing lawyer in this Court. The Court granted the Mustaphas' motion for continuance, giving them an additional two weeks to retrieve the file from their former attorney and to whether to decide to hire a lawyer or represent themselves pro se. The Court also notified the Mustaphas that the docket control order would continue to run after the extension. The Mustaphas contended at this hearing that the petition filed in this lawsuit had been filed by their attorney without their approval. However, after this hearing, the Mustaphas did not hire another attorney or file a motion for leave to amend their petition.

On August 11, 2011, Defendants filed their Motion to Dismiss. The Defendants filed an Amended Motion to Dismiss on August 15, 2011. The next day, this Court issued an order setting a deadline of September 13, 2011, for any response to the Defendants' Motion. No response was filed. Instead, at the hearing on the Motion to Dismiss on October 20, 2011, the Mustaphas again orally requested time to find a new attorney and to amend their petition. During the hearing on the motion to dismiss, the Mustaphas did not address the legal issues raised in the Defendants' motion to dismiss. Instead, they continued to insist that they had not received the case file from their former attorney, and they again contended that the petition filed in this lawsuit had been filed by their former attorney without their approval. To date, the Mustaphas have still not found a new attorney or filed a proposed amended petition with the Court.

Finally, the Court notes the long history of this litigation. The Defendants foreclosed upon the property at issue over a year and a half ago, and they were involved

15

in various litigation with the Mustaphas even before that. Allowing the Mustaphas leave to amend their petition in this lawsuit would only cause further undue delay and additional prejudice against Defendants.[52]

"At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Real Estate Innovations, Inc.*, 422 Fed. App'x. at 352 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). The Mustaphas have had a fair opportunity to make their case, and have failed to do so. Accordingly, their Motion to Request Time to File Amended Petition is **denied** and this case is **dismissed with prejudice.**

SIGNED at HOUSTON, TEXAS on this the ___10th___ day of November 2011.


George C. Hanks, Jr.
United States Magistrate Judge

---

[52] Dkt. # 36, 6.